# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| PEARSON'S INC. d/b/a PEARSON LIVESTOCK EQUIPMENT CO., | § § § § § | |
| Plaintiff, | | |
| v. | § § § | Civil Action No. 7:18-cv-00013-BP |
| ROBERT DEAN ACKERMAN, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Before the Court is Defendants' "Plea Under Fed. R. Civ. P. 12(b)(7)" (ECF No. 12) filed February 16, 2018. Because the plea was contained in the answer, the Court construed it as a motion and ordered Defendants to file a brief in accordance with Local Civil Rule 7.1(d). (ECF No. 28). Defendants filed their Brief in Support (ECF No. 30) on April 30, 2018. In it, they urge the Court to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(7) or, in the alternative, to join additional parties under Rule 20(a)(2)(B). (*Id.*) Plaintiff filed its Response (ECF No. 33) with Brief in Support (ECF No. 34) on May 18, 2018. Defendants did not file a reply. After considering the pleadings, briefing, and applicable law, the Court **DENIES** Defendants' Plea (ECF No. 12).

## BACKGROUND

Pearson's Inc. d/b/a Pearson Livestock Equipment Co. ("Pearson"), brought this suit claiming trademark and trade dress infringement under the Lanham Act, trade dress dilution under Section 16.103 of the Texas Business and Commerce Code, and Texas common law trade dress infringement. (ECF No. 1). As explained in the parties' pleadings, Pearson designs, manufactures, and sells products for use in the cattle industry. One of its products is the "Pearson Chute," a

manual cattle chute that Pearson has sold since 1970. The chute consists of a narrow, cubical framed structure with rollers and handles that is wide enough to accommodate a single animal. Initially, Pearson protected the Pearson Chute's functional elements through a series of utility patents issued in 1977 and 1982 by the United States Patent and Trademark Office (PTO). On September 17, 2014, several years after the patents expired, Pearson applied for trademark registration with the PTO for certain unique design elements inherent in the Pearson Chute. It received trademark registration (Registration No. 5184202) on April 18, 2017. Pearson claims that the Pearson Chute is so unique in shape and design that it is easily recognizable by cattle industry professionals. Thus, Pearson claims that the Pearson Chute's design acquired secondary meaning before it received federal trademark registration.

From 1982 to March 2014, Robert Dean Ackerman was an authorized dealer and distributor for the Pearson Chute in the Colorado Region, which comprises areas within the Northern District of Texas. However, after the founding members of Pearson sold the company to its current owners in January 2013, the Pearson-Ackerman relationship soured. Following the sale, Ackerman alleges that Pearson attempted to squeeze his distributors on price and distribution area and that Pearson had helped to establish one of Ackerman's competitors. In an apparent attempt to protect and grow his business, Ackerman and WW Livestock Equipment ("WW Livestock"), one of Pearson's competitors, developed a competing cattle chute. Pearson alleges that Ackerman and WW Livestock reverse-engineered the Pearson Chute and that the "replica" chute infringes on Pearson's trademark and trade dress rights. In March 2014, Pearson terminated Ackerman as a dealer and distributor and contracted with Ackerman's competitor to distribute the Pearson Chute.

Pearson claims that Ackerman continues to sell "replica" cattle chutes, the "Equalizer" and the "Renegade," that infringe on its trademark and trade dress rights. Titan West, Inc. ("Titan West") manufactures and sells the Equalizer cattle chute, and originally was a defendant in this

case. The Court dismissed Pearson's claims against Titan West by Order dated October 31, 2018. (ECF No. 64). Pearson has not sued the manufacturer of the Renegade Chute, which Ackerman alleges is Pro Farm Manufacturing, Inc. ("Pro Farm"), a Canadian company, with manufacturing capabilities in China.

Defendants allege that there are at least thirteen other cattle chutes with substantially similar features to the Pearson Chute. Defendants contend that eight companies either manufacture or distribute the thirteen cattle chutes that comprise a significant portion of the cattle chute market. According to Defendants, non-joinder of these parties (the "nonparties") would potentially prejudice the nonparties' interests, result in inconsistent obligations, and prevent the Court from providing complete relief to the joined parties. Thus, Defendants contend that joinder of the nonparties is required under Rule 19(a). Moreover, if joinder of the nonparties is infeasible, Defendants argue that the Court must dismiss the case under Rule 12(b)(7). Alternatively, Defendants contend that if the Court finds that joinder is permissible, but not necessary and feasible, then the nonparties should be joined under Rule 20(a).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) permits a Court to dismiss an action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Disposition of a Rule 12(b)(7) motion requires a two-step process to ensure fair and complete resolution of the dispute at issue. *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308–09 (5th Cir. 1986). First, the Court must consider whether the party should be joined under Rule 19(a). *Id.* at 1309. A party that is subject to service of process and whose joinder would not destroy the Court's subject matter jurisdiction is a "required" party under Rule 19(a) if (1) the person's absence will prevent the court from "accord[ing] complete relief among existing parties," or (2) the person has an interest in the subject of the case, and disposing of it in the person's absence will either "impair or impede the person's

ability to protect the interest," or create a risk of multiple or inconsistent obligations for an existing party because of the interest. Fed. R. Civ. P. 19(a)(1)(A)–(B).

Second, if joinder of a party is required but not feasible, then a Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19(b) outlines four factors for the Court to consider. They are (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) the degree to which "protective provisions in the judgment," "shaping the relief," or "other measures" might mitigate any prejudice; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id.*

"[C]ourts are reluctant to grant motions to dismiss of this type." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1359 (3d ed. 2004). In deciding a Rule 12(b)(7) motion, a Court "must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." *Id.*; *see also Dozier v. Sygma Network, Inc.*, No. 3:15-CV-2783-B, 2016 WL 949745, at *2 (N.D. Tex. Mar. 14, 2016). The moving party "has the initial burden of demonstrating that a missing party is necessary." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). "[A]fter an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* (internal quotations omitted).

## ANALYSIS

Defendants contend that because functional elements of Pearson's trade dress are widely used in the industry, the nonparties have an interest in the outcome of the case. They reason that if Pearson prevails at trial, a precedent would be established that would directly impact the industry because Pearson's trade dress incorporates functional elements that are necessary and common

4

within the industry. They argue further that Pearson's delay in enforcing its trade dress rights and the existence of the same functional elements in its expired patents comprise an aggregate of operative facts common to all nonparties in defending a similar suit for trade dress infringement.

Defendants' first argument is not persuasive because the nonparties' interest asserted by Defendants is not the type of interest contemplated by Rule 19(a)(2). None of the nonparties are alleged to be the real owners of the mark. *See Escamilla v. M2 Tech., Inc.*, 536 F. App'x 417, 421 (5th Cir. 2013) ("As owner of the mark, the licensor has a legally protected interest in the subject matter of the action."). Nor is there a contract, such as a license agreement, that is common among Defendants and the nonparties such that the nonparties' contractual interests would be at issue in the resolution of Pearson's claims against the Defendants. *See Optimum Content Prot., LLC v. Microsoft Corp.*, No. 6:13-CV-741 KNM, 2014 WL 12452439, at *3 (E.D. Tex. Aug. 25, 2014), *adopted by*, No. 6:13CV741-MHS-KNM, 2014 WL 12324277 (E.D. Tex. Oct. 7, 2014).

The "interest" contemplated in Rule 19(a) must be "more than a financial stake, and more than speculation about a future event." *Automation Support, Inc. v. Wallace*, No. 3:14-CV-04455, 2015 WL 13106329, at *5 (N.D. Tex. July 23, 2015) (citing *Conceal City, L.L.C. v. Looper Law Enf't, LLC*, 917 F. Supp. 2d 611, 623 (N.D. Tex. 2013). The nonparty's "interest" must also be legally protectable. *United Keetoowah Band of Cherokee Indians of Okla. v. United States*, 480 F.3d 1318, 1324 (Fed. Cir. 2007) (citing cases); *see also Ass'n of Co-op. Members, Inc. v. Farmland Indus., Inc.*, 684 F.2d 1134, 1143 (5th Cir. 1982) (concluding that an owner and licensor of a trademark had an interest in the outcome of a case between the licensee and plaintiff where the validity of the trademark was at issue).

On the facts at issue in this case, Defendants have failed to allege a protectible interest common to the nonparties such that joinder is required under Rule 19(a)(2). Defendants' argument that failing to join the nonparties would result in inconsistent obligations fails for this same reason

since there is no protectible interest at issue. Because Defendants have not alleged that the nonparties have a protectable interest that is the subject of the case, joinder of the nonparties is not required under Rule 19(a)(2). *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003) (citing *Hilton v. Atlantic Refining Company*, 327 F.2d 217, 219 (5th Cir. 1964)) (concluding that joinder is "not required unless the judgment 'effectively precludes [the nonparties] from enforcing their rights and they are injuriously affected by the judgment.'").

Assuming, *arguendo*, that Defendants' "aggregate of operative facts" argument was valid, the Court still would deny their plea. Defendants cite *In re EMC Corp.* to support their argument that the nonparties must be joined. 677 F.3d 1351 (Fed. Cir. 2012). The reasoning of the court of appeals in that case does not support Defendants argument here. That case involved patent infringement claims against multiple defendants who sought orders to sever and transfer their claims to more appropriate venues. *Id.* at 1353. Because the trial court there was considering a motion to sever under Rule 21, it looked to Rule 20 for guidance. *Id.* at 1356. In discussing Rule 20's transaction-or-occurrence test, the court of appeals held that "the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must *share* an aggregate of operative facts." *Id. at* 1358 (emphasis in original). The court further clarified that the alleged "sameness" of the accused products is insufficient to satisfy Rule 20 in the absence of an "actual link between the facts underlying each claim of infringement." *Id.* at 1359. Thus, "independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.* Here, there is no allegation that there is any concerted effort among the Defendants and the nonparties to infringe Pearson's trade dress. Although the nonparties' cattle chutes may be "coincidentally identical" to the Pearson Chute, this allegation alone is not enough to satisfy Rule 20. *See LFP Internet Grp. LLC v. Does 1-3,120*, No. 10-CV-2095-F, 2011 WL 13253894, at *2 (N.D. Tex. Feb. 10, 2011) (concluding that defendants'

alleged use of the same software system to commit copyright infringement without allegations they acted in concert is insufficient for permissive joinder under Rule 20).

Next, Defendants argue under Rule 19(a)(1)(A) that because Pearson sued Titan West to obtain complete relief for manufacturing the allegedly infringing Equalizer cattle chute, then Pro Farm, the manufacturer of the Renegade chute, must be added as a defendant. This argument fails because "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Conceal City*, 917 F. Supp. at 622 (quoting *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam)). Indeed, Pro Farm is likely a permissive party under Rule 20 considering that the alleged trade dress infringement of the nonparties arises out of the same series of occurrences and involves questions of law and fact common to defendants currently in the case. *See* Fed. R. Civ. P. 20(a)(2).

Defendants' final argument that the nonparties should be permissively joined is procedurally unavailing under Rule 20(a)(2). Rule 20(a)(2) provides that a defendant may be joined if "(A) any right to relief is asserted against [it] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." However, Rule 20(a)(2) does not provide a mechanism for a defendant to demand joinder of parties. *Conceal City*, 917 F. Supp. at 623 n.13 ("A defendant has no right to demand permissive joinder of an absent person as a defendant."); *see also Crews & Assocs., Inc. v. City of Port Gibson*, No. 5:14CV37-DCB-MTP, 2014 WL 12641994, at *2 (S.D. Miss. Oct. 14, 2014) (citing *Nixon v. Guzzetta*, 272 F.R.D. 260, 262 (D.C.C. 2011)). Thus, Defendants cannot rely upon Rule 20(a)(2) to require joinder of the nonparties as additional defendants.

## CONCLUSION

Defendants have failed to allege facts sufficient to show that the nonparties are required to be joined under Rule 19(a), and Defendants may not demand joinder under Rule 20(a)(2). Consequently, the Court **denies** Defendants' "Plea Under Fed. R. Civ. P. 12(b)(7)" (ECF No. 12).

It is so **ORDERED** on November 9, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE